# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PAMELA J. MOSES, | ) |
| Plaintiff, | ) |
| v. | ) No. 14-cv-2946-SHL-dkv |
| TENNESSEE BUREAU OF INVESTIGATION, ATTORNEY GENERAL, DISTRICT ATTORNEY, STATE OF TENNESSEE, | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the magistrate judge's Report and Recommendation ("Report"), filed March 16, 2015. (ECF No. 9.) In the Report, Chief Magistrate Judge Vescovo recommended that Pamela Moses's ("Ms. Moses") *pro se* Complaint (ECF No. 1) be dismissed *sua sponte* for lack of jurisdiction, under the abstention doctrine and for failure to state a claim upon which relief can be granted. Ms. Moses filed a motion for an extension of time to amend her petition and to file objections to the Report on March 30, 2015. (ECF No. 10.) On the same day, she filed a Motion to Strike Errors in Report and Recommendation and Motion to Disqualify Magistrate from Case. (ECF No. 11.) If the Court did not grant Ms. Moses additional time, she asked that her latter motion serve as formal notice of her objections to the Report. (Id. at 4.)

The Court construed ECF No. 11 as two separate motions, one objecting to the Report and one a motion for Chief Magistrate Judge Vescovo to recuse herself from the case. The Court referred the latter motion to the magistrate judge, who denied it on June 26, 2015. (ECF No. 14.)

The Court now turns to what remains from ECF No. 11, which the Court construes as Ms. Moses's objections to the Report. Having reviewed the Report and Ms. Moses's objections to it, the Court hereby ADOPTS it in its entirety.

STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of any pretrial matter pending before the court. 28 U.S.C. § 636(b)(1)(A). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. After conducting a *de novo* review, a district court is not required to articulate all of the reasons it rejects a party's objections. Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986).

ANALYSIS

In her Report, the magistrate judge recommended that Ms. Moses's Complaint be dismissed for several reasons, the most fundamental of which being that this Court lacks subject-matter jurisdiction over her claims. First, the magistrate judge determined that, while Ms. Moses did not assert in her Complaint that the Court had jurisdiction over this matter based on the diversity of the parties under 28 U.S.C. § 1332, such an attempt would be untenable, as the parties are not completely diverse; Ms. Moses asserts she is a Tennessee resident and the Defendants in this matter are two Tennessee officials, the State of Tennessee and a Tennessee agency. Next, the magistrate judge determined that, while Ms. Moses's Complaint did explicitly

allege that this Court has federal-question jurisdiction over this matter under 28 U.S.C. § 1331, the claim itself did not support that assertion.

Chief Magistrate Judge Vescovo determined that, even if the Court had subject-matter jurisdiction over this matter based on Ms. Moses's claim that her federal rights were violated, it would be proper to abstain from exercising jurisdiction over Ms. Moses's claim based on the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). As a third alternative to dismissing Ms. Moses's claims, the magistrate judge determined that Ms. Moses's complaint fails as a matter of law, as she failed to plausibly state a claim for relief against any of the Defendants.

Ms. Moses's objections to the Report do not argue that the magistrate judge somehow erred in determining that this Court lacked subject-matter jurisdiction over this matter. Instead, Ms. Moses appears to have objected – unpersuasively – to the magistrate judge's alternative reasons for dismissing her case. The Court need not address those objections in detail, however, as Ms. Moses did not object to the magistrate judge's determination that this Court lacks subject-matter jurisdiction in this matter and, even if she had, her objections could not have overcome the magistrate judge's sound reasoning. As a result, the Report is adopted in its entirety and Ms. Moses's claims against all Defendants are hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED,** this 24th day of August, 2015.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE